# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JP VENTURES, LLC,

      Plaintiff/Counter-defendant,

v.

E CIG ZONE INC. d/b/a IVAPE VAPOR;
and VAPOR 5 WHOLESALE LLC d/b/a
E CIG ZONE,

      Defendants/Counterclaimants.

Case No. 18-cv-2212 (SRN/TNL)

**PROTECTIVE ORDER**

This matter is before the Court on the parties' Stipulation for Protective Order. (ECF No. 25). Based on the stipulation of the parties, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that pursuant to Fed. R. Civ. P. 26(c), confidential information shall be disclosed in the designated ways:

**1.**     **Definitions.** As used in this protective order:

    (a)     "attorney" means an attorney who has appeared in this action or who works for one of the law firms representing any party;

    (b)     "confidential document" means a document designated as confidential under this protective order;

    (c)     to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not

        accessible without the use of specialized tools or techniques typically used by a forensic expert;

  (d)    "document" means information disclosed or produced in discovery, including at a deposition;

  (e)    "notice" or "notify" means written notice;

  (f)    "party" means a party to this action; and

  (g)    "protected document" means a document protected by a privilege or the work-product doctrine.

**2.**   **Designating a Document or Deposition as Confidential.**

  (a)    A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

  (b)    A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

  (c)    Deposition testimony may be designated as confidential:

        (1)    on the record at the deposition; or

        (2)    after the deposition, by promptly notifying the parties and those who were present at the deposition of the pages or lines deemed confidential.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the confidential portion of the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

3. **Who May Receive a Confidential Document.**

   (a) A confidential document may be used only in this action.

   (b) No person receiving a confidential document may reveal it, except to:

   (1) the Court and its staff;

   (2) an attorney or an attorney's partner, associate, or staff;

   (3) a person shown on the face of the confidential document to have authored or received it;

   (4) a court reporter or videographer retained in connection with this action;

   (5) a party (subject to paragraph 3(c)); and

   (6) any person who:

   (A) is retained to assist a party or attorney (including mock jurors) with this action; and

   (B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

   I have read, and agree to be bound by, the protective order in the case captioned *JP Ventures, LLC v. E Cig Zone*

*Inc., et al*, No. 18-cv-2212 (SRN/TNL), in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

I declare under penalty of perjury that the foregoing is true and correct.

(c) A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party unless said party authored or received it.

(d) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6. **Use of a Confidential Document in Court.**

   (a) Filing. This protective order does not authorize the filing of any document under seal. **The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.** If a party files a document containing confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6. **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit A attached hereto. Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.**

   (b) Presentation at a hearing or trial. A party intending to present a non-party's confidential document at a hearing or trial must promptly notify the non-party so that the non-party may seek relief from the Court.

**7.     Changing a Confidential Document's Designation.**

(a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the Court orders otherwise.

(b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the Court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the Court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8.     Handling a Confidential Document after Termination of Litigation.**

(a) Within 60 days after the termination of this action (including any appeals), each party must:

(1) return or destroy all confidential documents; and

(2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

(b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the Court or secured within the attorney's archival systems, provided such documents must continue to be treated as confidential under this order unless a court otherwise orders.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10. **Security Precautions and Data Breaches.**

   (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

   (b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

12. **Prior Orders. All prior consistent orders remain in full force and effect.**

13. **Remedies. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

[signature on next page]

Dated: November 19, 2018         *s/ Tony N. Leung*
                                 Tony N. Leung
                                 United States Magistrate Judge
                                 District of Minnesota

                                 JP Ventures LLC, v. E Cig Zone, Inc., et al.
                                 18-cv-2212 (SRN/TNL)

# EXHIBIT A
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | *X* | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | *X* | | | | *Confidential medical records.* |